**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHARLES KELVIN SMITH** | **CIVIL ACTION** |
| **VERSUS** | |
| **UNITED STATES PAROLE COMMISSION** | **NO. 12-0061-BAJ-DLD** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 17, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CHARLES KELVIN SMITH**                                                           **CIVIL ACTION**

**VERSUS**

**UNITED STATES PAROLE COMMISSION**                              **NO. 12-0061-BAJ-DLD**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The petitioner commenced this proceeding as a Petition for a Writ of Mandamus and Request for a Temporary Restraining Order, seeking to compel the United States Parole Commission to comply with the "mandatory" language contained in 18 U.S.C. § 4211(c)(1) and to terminate his parole supervision. The Court directed the plaintiff to resubmit his claim on a form for the assertion of claims seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. The Government has filed a response to the petitioner's application, and the petitioner, through an attorney appointed to represent him in connection with pending parole revocation proceedings, has filed a Supplemental Memorandum on his behalf. There is no need for oral argument or for an evidentiary hearing.

In his application, the petitioner alleges that he was convicted in November, 1982, and was sentenced to serve thirty (30) years in confinement in connection with four felony offenses in the United States District Court for the Middle District of Louisiana. In November, 1992, after serving one third of his sentence, he was granted parole and was released on parole supervision. He asserts that he thereafter served this parole without incident for more than five (5) years until he was arrested, in October, 1998, in connection with an alleged violation of the terms of his parole. He asserts that, as a result, his parole was terminated, and he is currently incarcerated. He points, however, to "mandatory" language contained in 18 U.S.C. § 4211, which statute provided that the Parole Commission was required, "two years after each parolee's release on parole, and at least annually thereafter, ... to review the status of the parolee as to the need for continued supervision." 18 U.S.C. §4211(b). In addition, he points to additional "mandatory" statutory language which provided that the

Commission was required, after five (5) years of parole supervision of a parolee, to "terminate supervision over such parolee unless it is determined after a hearing ... that such supervision not be terminated." 18 U.S.C. § 4211(c)(1). The petitioner complains that neither the periodic reviews envisioned by 18 U.S.C. § 4211(b) nor the hearing and determination envisioned by 18 U.S.C. § 4211(c)(1) have ever occurred. He argues, as a result, that his parole supervision effectively terminated at the end of the 5-year period in November, 1997, and that the Commission thereafter had no right to arrest him for a violation of the terms of his parole. He prays for an Order (1) directing the Parole Commission to "terminate the Petitioner from parole supervision as required by 18 U.S.C. § 4211(c)(1)" and (2) enjoining the Commission from "setting a date and/or holding a parole revocation hearing."

In response to the petitioner's allegations, the Government provides a factual background which is supported by accompanying documentation and which varies in certain respects from the factual recitation provided by the petitioner.[1] The Government concedes that the petitioner was convicted in 1982 and sentenced to 30 years in confinement and that he was thereafter released, subject to parole supervision, in 1992. The Government further does not dispute the petitioner's contention that the hearings and determinations envisioned by 18 U.S.C. § 4211(b) and (c)(1) did not take place. The Government further asserts that a warrant was issued by the Parole Commission in July, 1998, alleging the violation of the terms of the petitioner's parole, and that the warrant was thereafter executed against the petitioner. Upon learning, however, that state criminal charges were then pending against the petitioner in the State of Texas, the Parole Commission refrained from revoking the petitioner's parole at that time and instead transferred the petitioner to officials in the State of Texas and placed the violation warrant on the petitioner's record as a detainer for when state charges were resolved. The Commission subsequently issued a second violation warrant against the petitioner in April, 1999, and thereafter supplemented that warrant in December, 2003, and May,

---

[1] The Court finds that the factual variances are not pertinent to the Court's ultimate conclusion in this case.

2009, asserting additional violations of the terms of the petitioner's parole. However, because the petitioner remained in state custody during that time, the warrant was not executed until February, 2009. The Parole Commission in fact revoked the petitioner's parole in September, 2009.

According to the documentation provided by the Government, the petitioner was again released on parole in December, 2009, but on April 7, 2011, the Parole Commission issued a new violation warrant, charging the petitioner with administrative violations of the terms of his parole. The petitioner was arrested in connection with that warrant on April 28, 2011. The referenced violation warrant was thereafter supplemented in June and September, 2011, with additional allegations of criminal conduct committed by the petitioner. It appears that the petitioner has been provided with appointed counsel in connection with these pending parole revocation proceedings, but it is unclear whether a parole revocation hearing has in fact taken place at this juncture.

The petitioner is not entitled to the injunctive relief requested. In Penix v. United States Parole Commission, 979 F.2d 386 (5th Cir. 1992), cert. denied, 508 U.S. 912, 113 S.Ct. 2348, 124 L.Ed.2d 257 (1993), the Fifth Circuit rejected a petitioner's request for injunctive relief upon a finding that the failure of the Parole Commission in that case to hold a hearing after five years of parole supervision or to make a formal determination regarding continued parole supervision under 18 U.S.C. § 4211(c)(1) did not result in the automatic termination of the petitioner's parole or in the Commission's lack of jurisdiction to subsequently terminate his parole based upon a violation of the terms thereof. In Penix, the petitioner was advised by the Parole Commission, after the elapse of five years of supervision, that a preliminary determination had been made to continue his supervision but that this determination would not be final until a hearing was held in accordance with the statute. The petitioner thereafter requested such a hearing, but before the hearing took place, a violation warrant was issued against the petitioner. In rejecting the petitioner's claim that the "mandatory" language of 18 U.S.C. § 4211(c)(1) precluded the Commission from executing the warrant or revoking his parole, the Fifth Circuit concluded, by looking to the legislative history of the pertinent statute, that the

remedy under such circumstances was "to compel the decision, not release [the petitioner] from custody." Thus, the Fifth Circuit held that, "[i]f the Commission fails to provide a hearing to a parolee through neglect or administrative error, the parolee's remedy is a mandamus action to compel a hearing." Id., relying upon United States ex rel. Pullia v. Luther, 635 F.2d 612 (7th Cir. 1980). The injunctive remedy sought by the petitioner in this case is therefore not available to him.

Further, although the petitioner had the right, and presumably still has the right, pursuant to Penix, supra, to bring a mandamus proceeding to compel the Parole Commission to grant him the hearing envisioned by 18 U.S.C. § 4211(c)(1), and to thereby compel the Commission to make a determination whether to continue his parole supervision, this is not what the petitioner prays for in the instant case. Rather, he seeks by this proceeding to compel the Parole Commission to release him from parole supervision. The Court does not have the authority to grant the remedy requested. Penix, supra. See also Bertram v. Upton, 2012 WL 1557326 (5th Cir., May 3, 2012) (upholding dismissal of 28 U.S.C. § 2241 proceeding upon a finding that the Court did not have authority to dismiss pending Parole Commission charges and terminate supervision merely because the five-year hearing envisioned by 18 U.S.C. § 4211(c)(1) had not been held); Pena v. Aguirre, 247 F.3d 240, 2001 WL 43513 (5th Cir., Jan. 2, 2001) (same); Osborne v. United States, 45 Fed.Appx. 318, 2002 WL 1860365 (5th Cir., June 18, 2002) (same). Accordingly, this proceeding should be dismissed.

## RECOMMENDATION

It is recommended that the petitioner's motions for mandamus and for injunctive relief be denied and that his application for habeas corpus relief be dismissed, with prejudice.

Signed in Baton Rouge, Louisiana, on May 17, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**